# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. BELL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-CV-104-SNLJ |
| | ) | |
| DUNKLIN COUNTY JAIL | ) | |
| ADMINISTRATOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Michael D. Bell, Sr. (registration no. B11000000820) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly balance of $00.00 and an average monthly deposit of $00.00. Plaintiff has insufficient funds to pay the filing fee. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 555, 570 (2007). To determine whether an action fails to state a claim upon which relief

can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950-52. Moreover, the Court must give the complaint the benefit of a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), and weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The Complaint and Supplement**

Plaintiff, an inmate at the Dunklin County Justice Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are Rod Hargroves (Dunklin County Jail Administrator), Bob Holder (Sheriff), Wally Poynor (Chief Deputy), John C. Speilman (Judge), Malden Police Department, Jared Bullock ("Chief"), Sergeant German, Russell Miller, Jerica Burton, Johnathan Burton, Jessica Burton, Deprise Clompton, Eric Mims, Yolanda Turner, Henry Saddler, Irene Saddler, 33rd Judicial Circuit, 35th Judicial Circuit, Correctional Officer Ryan, and Byron D. Luber (Judge).

The complaint and supplement consist of numerous claims arising out of a multitude of separate occurrences that allegedly occurred both before and during plaintiff's incarceration at the Dunklin County Justice Center. For instance, plaintiff claims that defendant Hargroves will not give him pre-packaged food, defendant Speilman set excessive bond and destroyed a legal document in order to obtain a warrant for plaintiff's arrest, defendant Holder slandered him, the two defendant Judicial Circuits conspired "to get [him] to move to Malden, Missouri, away from everyone [he] knew," defendant Miller lied under oath, defendants Jerica Burton, Johnathan Burton, Jessica Burton, Clompton, Mims, and the Malden Police Department stole electronic equipment from him, and defendants Jerica Burton,

Johnathan Burton, Jessica Burton, Clompton, Mims, Bullock, Miller, and German conspired to have him arrested on drug charges.

## Discussion

**1. Permissive Joinder**

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." As such, multiple claims against a single party are valid. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The instant action, however, presents a case involving multiple claims against multiple defendants. Federal Rule of Civil Procedure 20(a)(2) is controlling and provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Thus, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d at 607. Moreover, the Court notes that in litigation involving prisoners, "Unrelated claims

against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." Id.

At issue in this case is whether the twenty named defendants are properly joined in this single action. See id. (district court should question joinder of defendants and claims in prisoner cases). The Court holds that they are not.

Simply stated, the instant action presents a case involving multiple claims against different defendants, and the facts giving rise to the claims allegedly occurred both prior to and during plaintiff's present incarceration. Not only do plaintiff's claims pertain to and arise out of wholly unrelated events, but his alleged injuries resulting from the various occurrences are distinctly different. These occurrences and the claims arising out of each of them do not share common questions of law or fact. Plaintiff's claims will require their own review of entirely separate events asserted against different defendants or groups of defendants. For these reasons, the Court concludes that the twenty named defendants are not properly joined under Rule 20(a)(2).

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion, or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Because the lead defendant in this case is Rod Hargroves, the Court will only consider the claims that plaintiff is asserting against this defendant. The Court will sever all of plaintiff's remaining claims against the other nineteen defendants and will dismiss them without prejudice. If plaintiff wishes to pursue any or all of these claims at a future time, he must do so in accordance with the Federal Rules of Civil Procedure, in separate actions.

### 2. Claims against defendant Rod Hargroves

Plaintiff alleges that the Dunklin County Jail Administrator, Rod Hargroves, refuses to provide him with pre-packaged food. Plaintiff "feels he is a victim of food poisoning" and states that everything he eats makes him sick. Plaintiff further claims that he has a bacterial infection from drinking the water at the jail, and "the staff and administration . . . refuse to let [him] be seen by medical staff."

Plaintiff brings this action against defendant Hargroves in his official capacity. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir.

1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As such, this action will be dismissed pursuant to § 1915(e)(2)(B).

As additional grounds for dismissing this action, the Court finds that plaintiff's claims against defendant Hargroves are conclusory, lacking specific factual support, and fail to state a claim under § 1983. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Moreover, plaintiff's claims sound in negligence; however, mere negligence does not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327, 328 (1986). Last, to the extent that plaintiff is attempting to sue Hargroves in his supervisory capacity, the Court notes that the theory of

supervisory liability is inapplicable in § 1983 suits. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to add Correctional Officer Ryan and Byron D. Luber as party-defendants [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as Michael D. Bell, Sr. v. Rod Hargroves, Bob Holder, Wally Poynor, John C. Speilman, Malden Police Department, Jared Bullock, Sergeant German, Russell Miller, Jerica Burton, Johnathan Burton, Jessica Burton, Deprise Clompton, Eric Mims, Yolanda Turner, Henry Saddler, Irene Saddler, 33rd Judicial Circuit, 35th Judicial Circuit, Correctional Officer Ryan, and Byron D. Luber.

**IT IS FURTHER ORDERED** that, as to defendant Rod Hargroves, the Clerk of Court shall not issue process or cause process to issue in this action, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Bob Holder, Wally Poynor, John C. Speilman, Malden Police Department, Jared Bullock, Sergeant German, Russell Miller, Jerica Burton, Johnathan Burton, Jessica Burton, Deprise Clompton, Eric Mims, Yolanda Turner, Henry Saddler, Irene Saddler, 33rd

Judicial Circuit, 35th Judicial Circuit, Correctional Officer Ryan, and Byron D. Luber are **SEVERED** from the instant action, and these defendants will be **DISMISSED** without prejudice, because they are not properly joined in this action under Rule 20(a)(2) of the Federal Rules of Civil Procedure.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE